UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WILLIAM MALIHA,

                        Plaintiff,

   -against-                                          1:04-CV-1127
                                                                (LEK/DRH)

FRANK FALUOTICO and
SARA G. MALIHA,

                        Defendants.

## MEMORANDUM-DECISION AND ORDER

Presently before the Court is Defendant Sara Maliha's ("Defendant Maliha") Motion for attorney's fees, filed on March 14, 2007, pursuant to 42 U.S.C. § 1988. Dkt. No. 44.

**I.    Background**

Plaintiff William Maliha ("Plaintiff") commenced the instant action on September 27, 2004, pursuant to 42 U.S.C. § 1983, seeking damages stemming from an alleged false arrest and violations of his Fourteenth Amendment due process rights. Dkt. No. 1. Defendant Maliha moved for summary judgment on February 28, 2006. Dkt. No. 31. By Memorandum-Decision and Order dated February 28, 2007, familiarity with which is assumed, the Court granted Defendant Maliha's Motion for summary judgment. Dkt. No. 41. At that time, the Court dismissed Defendant Maliha's Motion for attorney's fees, without prejudice to re-filing, on the basis that Defendant Maliha had not submitted the necessary records for an award of attorney's fees. Dkt. No. 41.

**II.    Discussion**

Under 42 U.S.C. § 1988(b), in Section 1983 actions, a district court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Panetta v. Crowley, 460 F.3d 388, 399 (2d Cir. 2006).  Generally, fees are awarded to prevailing plaintiffs who receive substantial relief but not to prevailing defendants.  Id. (citing Hughes v. Rowe, 449 US 5, 15-16 (1980) (per curiam)).  In fact, "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."  Christiansburg Garment Co. v. EEOC, 434 US 412, 422 (1978).  As the Second Circuit cautioned, courts should be careful in awarding fees to prevailing defendants in part due to "the potential chilling effect of such an award on Section 1983 plaintiffs."  Rounseville v. Zahl, 13 F.3d 625, 632 (2d Cir. 1994) (citing Santiago v. Victim Servs. Agency of Metro. Assistance Corp., 753 F.2d 219, 221 (2d Cir.1985) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 418 (1978)).

To establish Defendant Maliha's liability under Section 1983, Plaintiff needed to prove that she acted under the color of state law.  42 U.S.C. § 1983.  Plaintiff based his claim against Defendant Maliha on a theory of conspiracy.  Compl. ¶ 38 (Dkt. No. 1).  To prove conspiracy under Section 1983, Plaintiff needed to demonstrate an agreement between Defendant Maliha and Defendant Frank Faluotico ("Defendant Faluotico") and an overt act done in the furtherance of causing damages to Plaintiff.  Martinez v. Golden, 499 F.Supp.2d 561, 569 (S.D.N.Y. 2007).  As courts have noted, though, conspiracies are by nature secretive operations that can rarely be proven by direct evidence.  See, e.g., United States v. Rivera, 971 F.2d 876, 890 (2d Cir. 1992); United States v. Pitre, 960 F.2d 1112, 1121 (2d Cir. 1992).

Although Plaintiff did not have direct evidence to support his claim of collaborative activity, circumstantial evidence at the time of filing could have supported the existence of a conspiracy between Defendant Maliha and Defendant Faluotico.  When Officer Sperath first spoke with Defendant Maliha following the June 19, 2002 incident, she refused to press charges against Plaintiff.  Defendant Maliha then called Defendant Faluotico, a detective with the Ulster County Sheriff's Department, who subsequently spoke with Officer Sperath regarding the incident.  After that conversation, Officer Sperath returned to the Maliha residence and arrested Plaintiff.  In light of this understandably suspicious sequence of events, at least from Plaintiff's perspective, Plaintiff's conspiracy claim, though perhaps very weak, was not frivolous.

Additionally, to succeed on his Section 1983 claim, Plaintiff needed to prove a deprivation of a constitutional right.  Martinez, 499 F.Supp. at 569.  Plaintiff argued that Defendants violated his Fourth Amendment right to be free of illegal search and seizure when they caused his allegedly false arrest.  Compl. ¶ 44 (Dkt. No. 1).  To prevail on his claim of false arrest, Plaintiff needed to prove that he was arrested without probable cause.  Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir.1995).  Because Office Sperath initially determined that there was no cause to arrest Plaintiff, Plaintiff's false arrest argument, although not a winning one, was not frivolous.

For the reasons discussed above, the Court finds that Plaintiff's claim was not so "frivolous, unreasonable, or groundless" as to justify an award of Defendant Maliha's attorney's fees under Section 1988.  Contra Dangler on Behalf of Dangler v. Yorktown Cent. Sch., 777 F.Supp. 1175 (S.D.N.Y. 1991) (awarding attorney's fees to defendant in an action challenging National Honor Society Committee's unanimous, merit-based decision to deny admission to Plaintiff's son).

### III.     Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant Maliha's Motion for attorney's fees (Dkt. No. 44) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED.**


DATED:      July 17, 2008
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge